# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL HORTON,

PLAINTIFF,

vs.

FULTON COUNTY GEORGIA, a political subdivision of the State of Georgia, and **SHERIFFPATRICK LABAT,** in his individual and Official capacity, and John Tidwell, individually,

DEFENDANT(S).

**JURY TRIAL DEMAND**

Case Nunber.:1:25-cv-02425-JPB

## PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS FOR LEAVE TO FILE SUR-REPLIES

Plaintiff submits this reply to Defendants' Joint Response and shows that limited sur-replies are warranted to address arguments and characterizations raised for the first time in Defendants' reply briefs and to ensure a fair and complete record for adjudication of the pending motions to dismiss.

**I. Fulton County's Reply Injects New Deliberate-Indifference Theories and Timing Contentions That Warrant a Sur-Reply**

1.

The County's reply reframes the deliberate-indifference standard by adding an asserted requirement that Plaintiff plead the County's "actual knowledge that its own conduct" would expose Plaintiff to risk—an element not presented in the County's opening motion—and faults Plaintiff for not pleading the specific date of a denied funding request. Plaintiff moved for leave because the County's reply introduced a "knowledge of one's own actions" element and argued Plaintiff failed to allege when the County refused increased funding, positions not advanced in the opening brief. Plaintiff explained that the County's opening motion instead relied on budget exhibits and asserted increases in FY 2022 and FY 2023 to negate deliberate indifference, while labeling the SAC as alleging only "notice" and "mere negligence".

2.

Good cause exists to allow a targeted sur-reply confined to these reply-only points because they materially affect the Rule 12(b)(6) analysis and were not reasonably anticipated from the County's opening motion. Plaintiff's motion specifies that limited supplemental briefing will address (a) why the SAC plausibly alleges deliberate indifference and causation without a pleaded "refusal date," and (b) why the County's reply-only reframing does not defeat plausibility. Plaintiff further noted that the proposed sur-reply is concise, limited to the new arguments,

and sought solely to correct mischaracterizations of the SAC and extra-record reliance at the pleadings stage.

In *Banks v. Marketsource, Inc*, the court granted leave to file a sur-reply where the defendant's reply raised a substantive argument regarding the plaintiff's ability to pursue theories of liability that differed from those in the complaint. The court found this argument potentially dispositive and noted that without a sur-reply, the plaintiff would have no opportunity to address the issue. *Banks v. Marketsource, Inc..*, Not Reported in Fed. Supp. (N.D. GA 2019). Here the Plaintiff also will not have an opportunity to address the raised issue if leave to file sur-reply is not granted.

## II. Sheriff Labat's Reply Raises New Grounds on Mens Rea, Sovereign Immunity, and Extra-Record Remedial Efforts, Necessitating a Sur-Reply

In *White v. Georgia,* the Court established that while neither the Federal Rules nor Local Rules allow sur-reply briefs as a matter of right, the Court may in its discretion permit filing a sur-reply where a valid reason exists, such as when the movant raises new arguments in its reply brief. *White v. Georgia.,* Not Reported in F.Supp.2d (N.D. GA 2007)

1.

The Sheriff's reply advances an expanded "criminal recklessness"/actual-knowledge-of-own-conduct framing and asserts that prior authorities have been abrogated—contentions that go beyond his opening brief. Plaintiff's motion details

that the Sheriff's reply emphasizes an "actual knowledge" requirement tied to his own conduct and argues that reliance on cases like Hale and Marsh is incompatible with Wade.

2.

The Sheriff further contends, for the first time, that Plaintiff has not disputed sovereign immunity on official-capacity claims and urges dismissal on that ground—an argument that should not go unanswered. Plaintiff identified the reply-only assertion that "Plaintiff has not disputed that the Sheriff is entitled to sovereign immunity on Plaintiff's official capacity claims" and the Sheriff's request for dismissal based on that contention.

3.

The reply also invokes purported remedial efforts and funding requests to negate supervisory liability at Rule 12(b)(6), relying on matters beyond the pleadings. Plaintiff's motion explains that the Sheriff's briefing asserts repeated funding requests and securing increased funding each year as reasons supervisory liability fails, which Plaintiff seeks to address in a concise sur-reply to clarify why such arguments do not defeat plausibility at this stage.

4.

Plaintiff's proposed sur-reply is narrowly tailored to these reply-stage arguments and will assist the Court's decisional process without prejudice or delay.

Plaintiff requested 14 days from any order granting leave to file the sur-reply and represented that the filing would be concise and limited to reply-only issues.

## III. Defendant Tidwell's Reply Introduces New or Materially Reframed Causation, Mens Rea, Clearly Established Law, and Official Immunity Theories, Warranting a Sur-Reply

1.

Tidwell's reply advances new specificity on proximate causation—asserting Plaintiff pled only temporal proximity—and recharacterizes allegations regarding control-tower staffing as defeating causation. Plaintiff's motion identifies Tidwell's reply argument that Plaintiff "has not adequately pled" proximate causation and that the alleged presence of a control-tower officer defeats causation.

2.

Tidwell reframes the "criminal recklessness" element to require actual knowledge that his own conduct subjected Plaintiff to risk, distinguishing generalized jail dangers—an articulation not presented in the same manner in his opening brief. Plaintiff's motion notes the reply's requirement that Tidwell actually knew his conduct had a substantial likelihood of causing serious harm, as distinct from generalized risk.

3.

On clearly established law, Tidwell argues reply-only factual characterizations—"not unattended" and "responding elsewhere"—to remove the

case from obvious-clarity principles. Plaintiff's motion states the reply argues the unit was not unattended because an officer was in the control tower and that Tidwell left to respond to another unit, positions Plaintiff contests at the pleadings stage.

4.

Tidwell also refines his official-immunity theory by casting rounds and well-being checks as discretionary supervisory functions and by asserting the absence of a policy imposing ministerial duties—contentions better assessed after record development. Plaintiff's motion explains that the reply asserts no policy mandates a supervisor's performance of checks/rounds and frames monitoring as discretionary, while Plaintiff notes no Floor Supervisor Post Order has been produced and discovery is needed to assess duties and directives.

5.

Plaintiff's proposed sur-reply will address each of these reply-stage developments and tie causation to the pleaded abandonment of post and missed rounds/checks during the relevant hour, consistent with Rule 12(b)(6) standards. Plaintiff's motion states the sur-reply will show proximate causation based on Tidwell's alleged absence and missed checks during the hour of the attack, explains why control-tower allegations do not resolve factual disputes, addresses the reply's

reframed mens rea, contests the clearly-established-law characterization, and responds to the expanded official-immunity theory.

## IV. The Requested Sur-Replies Are Narrow, Non-Prejudicial, and Will Aid the Court

1.

Each motion commits to concise filings confined to reply-only issues and seeks modest scheduling relief. Plaintiff requested 14 days from the Court's order to file each sur-reply and represented that the filings are narrowly tailored to new or materially reframed arguments in the replies. Plaintiff made the same representations and request regarding the Sheriff's reply. Plaintiff likewise sought a 14-day period for the Tidwell sur-reply and demonstrated good cause based on the reply-stage arguments identified.

2.

Allowing sur-replies will prevent prejudice from unrebutted reply arguments that shift standards, inject new defenses, and rely on extra-record assertions to defeat plausibility, thereby promoting a fair adjudication on a complete record. Plaintiff's motions consistently state that the purpose of the sur-replies is to address new arguments and characterizations first raised in the replies, correct mischaracterizations of the SAC and the record, and aid the Court's decisional process without undue delay or prejudice . Plaintiff reiterated those purposes as to the Sheriff's reply . Plaintiff did the same as to Tidwell's reply.

## CONCLUSION

For these reasons, the Court should grant Plaintiff's motions for leave to file sur-replies to the County's, Sheriff Labat's, and Tidwell's replies and allow Plaintiff 14 days from the date of the Court's order to file each sur-reply.

Respectfully submitted this 4th day of May 2026.

/s/ Tyrone J. Walls

Tyrone J. Walls
Georgia Bar No. 419505
Attorney for Respondents

The Law Office of Tyrone J. Walls
5579 Chamblee Dunwoody Rd, Suite B104,
Atlanta, Georgia 30338
Telephone: 706-726-4234
calltyronewalls@gmail.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I certify that the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS FOR LEAVE TO FILE SUR-REPLIES** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

<u>/s/ Tyrone J. Walls</u>

Tyrone J. Walls
Georgia Bar No. 419505
Attorney for Plaintiff

The Law Office of Tyrone J. Walls
5579 Chamblee Dunwoody Rd, Suite B104,
Atlanta, Georgia 30338
Telephone: 706-726-4234
calltyronewalls@gmail.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS FOR LEAVE TO FILE SUR-REPLIES** using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

cullen.threlkeld@carmitch.com Cullen B. Threlkeld

1809 Buford Highway
Buford, Georgia 30518
Phone: 770-932-3552
Fax: 770-932-6348
thomas.mitchell@carmitch.com Thomas M. Mitchell

1809 Buford Highway
Buford, Georgia 30518
Phone: 770-932-3552
Fax: 770-932-6348
allison.bryant@carmitch.com Karen G. Thomas

1809 Buford Highway
Buford, Georgia 30518
Phone: 770-932-3552
Fax: 770-932-6348

This 4th day of May 2026.

/s/ Tyrone J. Walls

Tyrone J. Walls
Georgia Bar No. 419505
Attorney for Plaintiff

The Law Office of Tyrone J. Walls
5579 Chamblee Dunwoody Rd, Suite B104
Atlanta, Georgia 30338
Telephone: 706-726-4234
calltyronewalls@gmail.com